UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

L.M., AS PARENT AND NEXT FRIEND
OF MINOR A.M.,

        Plaintiff,

v.

CITY OF GARDNER, KANSAS,

        Defendant.

Case No. 19-2425-DDC

# **ORDER**

The adult plaintiff in this action filed the complaint under the pseudonym L.M., asserting claims on behalf of his minor daughter, identified as A.M., against the City of Gardner, Kansas ("the City"). Simultaneously, L.M. filed a motion for leave to proceed using a pseudonym (ECF No. 3). Defendant does not oppose the motion. Because the court finds L.M. has demonstrated exceptional circumstances in which the need for his anonymity outweighs the public interest, the motion is granted.

## I.    Factual Background

The following facts come from plaintiff's complaint (ECF No. 1). Plaintiff alleges that during the summer of 2018, when A.M. was 16 years old, A.M. was sexually harassed and abused on an ongoing basis by her superior while working as a seasonal employee for the City. On June 28, 2018, the superior allegedly raped A.M. As a result of the sexual

1

abuse, A.M. has suffered and continues to suffer severe emotional distress including "anxiety, stress, mental anguish, fear, and humiliation."[1]

## II. Legal Standards for Proceeding under a Pseudonym

Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure.[2] Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest."[3] These rules recognize the "substantial benefit to maintaining open court proceedings" in which the public knows the identity of litigants.[4] The Tenth Circuit has stated that the public has an "important interest in access to legal proceedings."[5] In addition, without a party's name in the public record, "it is difficult to apply legal principles

---

[1] ECF No. 1 at 7.

[2] *See Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) ("Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)); *Doe v. USD No. 237, Smith Ctr. Sch. Dist.*, No. 16-2801, 2017 WL 3839416, at *10 (D. Kan. Sept. 1, 2017) ("Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure. The Federal Rules of Civil Procedure do not contemplate the anonymity of parties." (internal quotation and citation omitted)); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC, 2018 WL 3389878, at *1 (D. Kan. July 12, 2018) ("Allowing an adult party to proceed under a pseudonym in federal court is, by all accounts, an unusual procedure.").

[3] Rule 5.2(a)(3) does permit the identification of minor parties, such as A.M., by their initials.

[4] *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006); *USD No. 237, Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *11.

[5] *Femedeer*, 227 F.3d at 1246.

of res judicata and collateral estoppel."[6] Thus, "[o]rdinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials."[7]

Nonetheless, the Tenth Circuit has recognized that there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously.[8] Adopting the standard of the Eleventh Circuit, the Tenth Circuit has ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.[9]

When a plaintiff seeks to proceed anonymously, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest."[10] "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness."[11]

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

[10] *Zavaras*, 139 F.3d at 803.

[11] *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005). *See also Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *3 (holding the adult plaintiff had demonstrated exceptional circumstances in which the need for anonymity outweighed the public interest in having access to the identity of the minor plaintiff's parents).

### III. Analysis

Plaintiff asserts the highly personal and sensitive nature of this action, in which a minor could be subject to the type of harm litigated against if her father's identity is revealed, outweighs the general public interest in open litigation. The court agrees.

Without minimizing the importance of maintaining open court proceedings, the court determines the specific and unique facts of this case warrant permitting L.M. to continue in this action under his pseudonym. First, the court finds that if the identity of L.M. is publicly revealed, the identity of A.M. will be easily determined. Plaintiff asserts, and the City does not dispute, that the City of Gardner consists of approximately 19,000 residents. L.M. asserts that "[r]equiring L.M. to reveal [his] identity is likely to also reveal A.M.'s identity in their small community" where the incidents occurred.[12] Because of the "inseparable relationship" between A.M. and her parent, "[o]rdering disclosure of the parent's identit[y] would place—in effect—personally identifiable and confidential information about [the alleged sexual assault of A.M., a minor] in the public record."[13]

Second, the fact that A.M. was a minor at all times material to the allegations of rape and sexual assault is greatly significant. The allegations involve matters of a highly sensitive and personal nature, which occurred when A.M. was 16 years old. "Courts grant heightened protection to child victims and have concluded that complaints involving

---

[12] ECF No. 4 at 4.

[13] *Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *2.

minors are matters of a highly sensitive and personal nature."[14] Judges in this district have consistently found allegations of sexual assault and harassment of minors to be of a nature justifying protecting the identity of the minor.[15]

Third, there is a potential danger of emotional harm to A.M. if her identity becomes publicly known. As previously indicated, the complaint alleges that as a result of the sexual assault, A.M. suffered severe emotional distress including "anxiety, stress, mental anguish, fear, and humiliation."[16] There is a risk that public disclosure of L.M.'s identity in this case might lead to further severe emotional distress. "Although embarrassment is not enough to overcome the public interest in litigation, the real potential of additional psychological harm—one of the very injuries litigated against—is enough to outweigh the public interest in disclosure."[17]

---

[14] *Id.*

[15] *See, e.g., S.S. v. Napolitano,* No. 18-2491, 2019 WL 316747, *at* *2 (D. Kan. Jan. 24, 2019)*; M.T. v. Olathe Pub. Sch. USD 233*, No. 17-2710, 2018 WL 806210, at *2 (D. Kan. Feb. 9, 2018); *USD No. 237, Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *10; *J.B. v. Liberal Sch. Dist.*, No. 06-2359, 2006 Lexis 67622, *3-5 (D. Kan. Sept. 20, 2006).

[16] ECF No. 1 at 7.

[17] *Olathe Pub. Sch. USD 233*, 2018 WL 806210, at *3; *see also Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *2 ("[T]he real potential of additional psychological harm—one of the very injuries litigated against here—is sufficient to outweigh the public interest in disclosure.").

Finally, the court notes defendants would not be prejudiced by L.M. continuing to proceed under his pseudonym in this action because they already know his identity.[18] Nor does the court note any specific benefit to the public from learning L.M.'s identity.[19]

L.M. has demonstrated that this is an exceptional case in which the need for anonymity outweighs the public interest in having access to the identity of A.M.'s parent. The sexual assault of a minor involves matters of a highly sensitive and personal nature. The alleged facts of the case demonstrate risks of future psychological harm and repetition of the injury against which plaintiff is litigating. Accordingly, the court allows L.M. to proceed in this case under his pseudonym.

IT IS SO ORDERED.

Dated September 3, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[18] *See Olathe Pub. Sch. USD 233*, 2018 WL 806210, at *3 ("The Court also finds that Defendants will not be prejudiced in their defense of the case, if Plaintiffs proceed by pseudonym. In the Complaint, Plaintiffs claim the student reported the assault to at least one teacher and a school resource officer . . . so it is highly likely the identity of the Plaintiffs is exposed."); *Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *11 (finding "defendants would not be prejudiced by Doe continuing to proceed under her pseudonym in this matter because they already know her identity").

[19] *See Liberal Sch. Dist.*, 2006 Lexis 67622, at *5 ("The court fails to see how the interests of the public are implicated, apart from generalized interests . . . . Because the court does not find that the public has a significant, specific interest in the disclosure of plaintiff's identity and does find that plaintiff has a valid interest in not having his identity linked with the highly sensitive and personal matters at issue in this lawsuit, the court concludes that plaintiff's request to proceed under a pseudonym should be allowed.").