UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A.M.,

        Plaintiff,

v.

                                     Case No. 19-2425-DDC

CITY OF GARDNER, KANSAS,

        Defendant.

## ORDER

When this sexual-harassment case was filed, plaintiff A.M. was a minor. Under Fed. R. Civ. P. 5.2(a)(3), she identified herself only by her initials. Recently, A.M. turned eighteen, thereby becoming an adult in the eyes of the law. She has filed a motion asking that she be allowed to continue pursuing the case under her initials despite her adult status (ECF No. 23). Defendant does not oppose the motion. Because the court finds A.M. has demonstrated exceptional circumstances in which the need for anonymity outweighs the public interest in open court records, the motion is granted.

## I.      Factual Background

The following facts come from A.M.'s amended complaint (ECF No. 22). A.M. alleges that during the summer of 2018, when she was 16 years old, she was sexually harassed and abused on an ongoing basis by her superior while working as a seasonal employee for the City of Gardner, Kansas ("the City"). On June 28, 2018, the superior

allegedly raped her. As a result of the sexual abuse, A.M. has suffered and continues to suffer severe emotional distress including "anxiety, stress, mental anguish, fear, and humiliation."[1]

## II.     Legal Standards for Proceeding Anonymously as an Adult

Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure.[2] Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." These rules recognize the "substantial benefit to maintaining open court proceedings" in which the public knows the identity of litigants.[3] The Tenth Circuit has stated that the public has an "important interest in access to legal proceedings."[4] In addition, without a party's name in the public record, "it is difficult to apply legal principles

---

[1] ECF No. 22 at 7.

[2] *See Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) ("Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)); *Doe v. USD No. 237, Smith Ctr. Sch. Dist.*, No. 16-2801, 2017 WL 3839416, at *10 (D. Kan. Sept. 1, 2017) ("Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure. The Federal Rules of Civil Procedure do not contemplate the anonymity of parties." (internal quotation and citation omitted)); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC, 2018 WL 3389878, at *1 (D. Kan. July 12, 2018) ("Allowing an adult party to proceed under a pseudonym in federal court is, by all accounts, an unusual procedure.").

[3] *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006); *USD No. 237, Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *11.

[4] *Femedeer*, 227 F.3d at 1246.

of res judicata and collateral estoppel."[5]   Thus, "[o]rdinarily, those using the courts must

be prepared to accept the public scrutiny that is an inherent part of public trials."[6]

Nonetheless, the Tenth Circuit has recognized that there may be cases in which

"exceptional circumstances" warrant permitting a party to proceed anonymously.[7]

Adopting the standard of the Eleventh Circuit, the Tenth Circuit has ruled,

> Lawsuits are public events.  A plaintiff should be permitted to proceed
> anonymously only in exceptional cases involving matters of a highly
> sensitive and personal nature, real danger of physical harm, or where
> the injury litigated against would be incurred as a result of the
> disclosure of the plaintiff's identity.  The risk that a plaintiff may
> suffer some embarrassment is not enough.[8]

When a plaintiff seeks to proceed anonymously, the court must "weigh[] the

plaintiff's claimed right to privacy against the countervailing public interest."[9]  "A plaintiff

should not be permitted to proceed under a pseudonym unless the need for anonymity

outweighs the public interest in favor of openness."[10]

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

[9] *Zavaras*, 139 F.3d at 803.

[10] *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).  *See also Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *3 (holding the adult plaintiff had demonstrated exceptional circumstances in which the need for anonymity outweighed the public interest in having access to the identity of the minor plaintiff's parents).

### III.  Analysis

A.M. asserts that the highly personal and sensitive nature of this action, in which she could be subject to the type of harm litigated against if her identity is revealed, outweighs the general public interest in open litigation.  The court agrees.

Without minimizing the importance of maintaining open court proceedings, the court determines the specific and unique facts of this case warrant permitting A.M. to continue in this action under her initials.  First, it is highly significant that A.M. was a minor at all times material to the allegations of wrongdoing alleged in the complaint. "Courts grant heightened protection to child victims and have concluded that complaints involving minors are matters of a highly sensitive and personal nature."[11]  Judges in this district have consistently found allegations of sexual assault and harassment of minors to be of a nature justifying protecting the identity of the minor,[12] even after the minor becomes an adult as the case is pending.[13]  Here, The allegations involve matters of a highly sensitive and personal nature, which occurred when A.M. was 16 years old.  A.M. also was a minor

---

[11] *Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *2.

[12] *See, e.g., S.S. v. Napolitano,* No. 18-2491, 2019 WL 316747, *at* *2 (D. Kan. Jan. 24, 2019); *M.T. v. Olathe Pub. Sch. USD 233*, No. 17-2710, 2018 WL 806210, at *2 (D. Kan. Feb. 9, 2018); *USD No. 237, Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *10; *J.B. v. Liberal Sch. Dist.*, No. 06-2359, 2006 Lexis 67622, *3-5 (D. Kan. Sept. 20, 2006).

[13] *See Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *11 (permitting plaintiff to proceed under a pseudonym even after she reached the age of majority).

when this case was initiated; this case does not involve an adult plaintiff raising allegations of wrongdoing that occurred when she was a minor many years in the past.

Second, A.M. alleges multiple incidents of sexual assault and ultimately rape. These egregious acts that allegedly occurred when she was a minor continue to be highly sensitive and personal in nature even though A.M. is a few months into adulthood.

Third, there is a risk that public disclosure of A.M.'s identity could further the injuries litigated against, including emotional harm. A.M. asserts, and the City does not dispute, that the City of Gardner where she resides and where the alleged acts of wrongdoing occurred has only about 19,000 residents. As noted above, the amended complaint alleges that as a result of the sexual assault, A.M. suffers severe emotional distress including "anxiety, stress, mental anguish, fear, and humiliation."[14] "Although embarrassment is not enough to overcome the public interest in litigation, the real potential of additional psychological harm—one of the very injuries litigated against—is enough to outweigh the public interest in disclosure."[15]

_____

[14] ECF No. 22 at 7.

[15] *Olathe Pub. Sch. USD 233*, 2018 WL 806210, at *3; *see also Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *2 ("[T]he real potential of additional psychological harm—one of the very injuries litigated against here—is sufficient to outweigh the public interest in disclosure.").

Finally, the court notes the City would not be prejudiced by A.M. continuing to proceed under her pseudonym in this action because the City already knows her identity.[16] Nor does the court note any specific benefit to the public from learning A.M.'s identity.[17]

A.M. has demonstrated that this is an exceptional case in which her interest in anonymity outweighs the public interest in having access to her identity. The sexual assault of a minor involves matters of a highly sensitive and personal nature. The alleged facts of the case demonstrate risks of future psychological harm and repetition of the injury against which plaintiff is litigating. Accordingly, the court grants the motion and allows A.M. to proceed in this case under her initials.

IT IS SO ORDERED.

Dated December 5, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[16] *See Olathe Pub. Sch. USD 233*, 2018 WL 806210, at *3 ("The Court also finds that Defendants will not be prejudiced in their defense of the case, if Plaintiffs proceed by pseudonym. In the Complaint, Plaintiffs claim the student reported the assault to at least one teacher and a school resource officer . . . so it is highly likely the identity of the Plaintiffs is exposed."); *Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *11 (finding "defendants would not be prejudiced by Doe continuing to proceed under her pseudonym in this matter because they already know her identity").

[17] *See Liberal Sch. Dist.*, 2006 Lexis 67622, at *5 ("The court fails to see how the interests of the public are implicated, apart from generalized interests . . . . Because the court does not find that the public has a significant, specific interest in the disclosure of plaintiff's identity and does find that plaintiff has a valid interest in not having his identity linked with the highly sensitive and personal matters at issue in this lawsuit, the court concludes that plaintiff's request to proceed under a pseudonym should be allowed.").